UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDUL HAMEED HASHIMI,

              Plaintiff,

    v.

ALEJANDRO MAYORKAS, *et al.*,

              Defendants.

CASE NO.  C23-1348RSL

ORDER

      The parties having informed the Court that this case involves one or more claims which are exempt from the initial disclosure requirements of FRCP 26(a), the Court orders as follows:

      All counsel and any *pro se* parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **November 27, 2023.** This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference.  The Report will be used to set a schedule for the prompt completion of the case, and the parties are reminded of their obligation to cooperate to secure the just, speedy, and inexpensive resolution of this case. FRCP 1. The

ORDER - 1

Joint Status Report must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for joining additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Magistrate Judges' Rule 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at http://www.wawd.uscourts.gov/judges. The parties should indicate whether they agree that the Honorable Brian A. Tsuchida may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. The existence of any related cases pending in this or other jurisdictions and a proposal for how to handle them.

6. What changes, if any, should be made in the timing or form of expert and pretrial disclosures under FRCP 26(a)(2)-(4).

ORDER - 2

7. The subjects, timing, and potential phasing of discovery, and how the parties intend to manage discovery to promote the expeditious and inexpensive resolution of the case, specifically including consideration of the items set forth in LCR 26(f)(1)(D).

8. Agreements or issues related to the preservation of discoverable information and the scope of the preservation obligation.

9. Whether the case will involve Electronically Stored Information ("ESI"), how the parties intend to preserve and produce ESI, and whether the parties agree to adopt this district's Model Agreement Regarding Discovery of ESI.

10. Whether the case will involve unique or extensive claims of privilege or work product protection. If documents responsive to a discovery request are withheld on a claim of privilege or other protection from disclosure, a privilege log must be produced within the time frames established for discovery responses. Simply asserting an objection on the ground of privilege or noting that privileged documents have been withheld is not sufficient.

11. Procedures for handling the inadvertent disclosure of privileged information.

12. What changes, if any, should be made to the limitations on discovery.

6. The date by which discovery can be completed.

14. Suggestions for the prompt and efficient resolution of the case, such as the phasing of motions to resolve dispositive issues or the bifurcation of liability and damage issues.

ORDER - 3

15. Whether the parties intend to participate in an alternative dispute resolution process beyond the required settlement conference, such as mediation or the individualized trial program set forth in LCR 39.2.

8. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

9. Whether this matter is likely to be resolved via motion practice and, if so, a proposed briefing schedule to bring the matter before the Court in a timely manner.

11. The month the case will be ready for trial. The Court expects that most civil cases will be ready for trial within one year of filing the Joint Status Report. Identify any calendaring conflicts that should be considered when setting a trial date.

12. Whether the trial will be jury or non-jury.

13. The number of trial days required.

15. If, on the due date of the Report, <u>all</u> defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected and why it was not made earlier.

17. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1.


If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs.  No separate reports are to be filed.

ORDER - 4

The time for filing the Report may be extended only by Court order. Any request for extension should be made by telephone to Teri Roberts at 206-370-8810.

## I. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

## II. ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND COURTESY COPIES

Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. Pro-se litigants may file either electronically or in paper form. The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

- Alteration to LCR 10(e)(9) - Effective July 1, 2014, the Western District of Washington will no longer accept courtesy copies in 3-ring binders. All courtesy copies must be 3-hole punched, tabbed, and bound by rubber bands or clips. If any courtesy copies are delivered to the intake desk or chambers in 3-ring binders, the binders will be returned immediately. This policy does **NOT** apply to the submission of trial exhibits.

- Alteration to Section III, Paragraph M - Unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

ORDER - 5

- Pursuant to LCR 10(e)(10), all references in the parties' filings to exhibits should be as specific as possible (*i.e.*, the reference should cite the specific page numbers, paragraphs, line numbers, etc.).  All exhibits must be marked to designate testimony or evidence referred to in the parties' filings.  Filings that do not comply with LCR 10(e) may be rejected and/or returned to the filing party, particularly if a party submits lengthy deposition testimony without highlighting or other required markings.

### III.  PRIVACY POLICY

Pursuant to FRCP 5.2 and Local Rule 5.2, parties must redact the following information from documents and exhibits before they are filed with the court:

* Dates of Birth - redact to the year of birth

* Names of Minor Children - redact to the initials

* Social Security Numbers and Taxpayer Identification Numbers - redact to the last four digits

* Financial Accounting Information - redact to the last four digits

* Passport Numbers and Driver License Numbers - redact in their entirety

All documents filed in the above-captioned matter must comply with FRCP 5.2 and Local Rule 5.2.

### IV. EARLY SETTLEMENT CONSIDERATION

If settlement is achieved, counsel shall immediately notify Victoria Ericksen, Deputy Clerk, at (206) 370-8517.  The parties are responsible for complying with the terms

of this Order.  The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED this 31st day of October, 2023.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER - 7